FILED

2021 Sep-27  PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

DAVID JACOBS BARROW,      )
          )
     Petitioner,      )
          )
v.                )     Case No. 5:18-cv-00548-AKK-HNJ
          )
DEBORAH TONEY, et al.,      )
          )
     Respondents.      )

## MEMORANDUM OPINION

The Magistrate Judge entered a report recommending the court deny Petitioner David Jacobs Barrow's petition for a writ of habeas corpus and dismiss the petition with prejudice. Doc. 46. Specifically, the Magistrate Judge found that Barrow abandoned his ineffective-assistance-of-counsel claims based on counsel's failure to move for a change of venue and counsel's alleged misrepresentation that Barrow would be eligible for parole and work release, and thus, such claims are procedurally defaulted and subject to dismissal. Doc. 46 at 11–20.

Barrow's remaining claims are based on allegations that trial counsel coerced him to plead guilty; the trial court lacked authority to sentence him; and trial counsel was ineffective for failing to file a motion to withdraw Barrow's guilty plea. Doc. 46 at 7. The Magistrate Judge found these three claims should be dismissed based on Barrow's failure to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure and the Alabama Court of Criminal

Appeals' alternate ruling that the claims lack merit. Doc. 46 at 20–35. Barrow filed objections to the report and recommendation, doc. 49, and the respondents filed a response, doc. 52.

Barrow does not specifically object to the Magistrate Judge's finding that he abandoned his first two ineffective assistance claims concerning venue and eligibility for parole and work release. Doc. 49. Neither does Barrow specifically object to the finding that he failed to comply with Ala. R. App. P. 28(a)(10) regarding his claim that the trial court lacked authority to sentence him and that, alternatively, the claim lacked merit. Doc. 49. Rather, Barrow expressly objects to the Magistrate Judge's conclusion that his two remaining claims—that trial counsel coerced him to plead guilty and failed to file a motion to withdraw his guilty plea—did not comply with Rule 28(a)(10). He argues that the Magistrate Judge incorrectly afforded deference to the state court's merits decision on those claims rather than undertake a *de novo* review. Doc. 49. The court will first address Barrow's objections to the Magistrate Judge's finding that he waived these two remaining claims under Rule 28(a)(10), before turning to the merits contention.

**A.**

When a state court declines to decide the merits of a claim because it is barred by a state procedural rule, a federal habeas court is generally prohibited from reviewing the claim. *Williams v. Alabama*, 791 F.3d 1267, 1273 (11th Cir.

2

2015).  "It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that 'is independent of the federal question and adequate to support the judgment.'"  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thomas*, 501 U.S. 722, 729 (1991)).  A state procedural rule cannot bar federal habeas review of a claim unless the rule is "'firmly established and regularly followed.'"  *Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1336 (11th Cir. 2012) (citing *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991)).

1.

Barrow contends that Rule 28(a)(10) is not a firmly established and regularly followed procedural bar because Alabama appellate courts routinely disregard Rule 28(a)(10) and proceed to the merits of claims.  Doc. 49 at 5–8.  Despite Barrow's assertions otherwise, Alabama courts have consistently applied Rule 28(a)(10) and its predecessor, Rule 28(a)(5), to deem an appellant's inadequately-briefed claims

waived.[1]   In addition, federal habeas courts in Alabama routinely treat claims dismissed pursuant to Rule 28(a)(10) as procedurally defaulted.[2]

Barrow notes correctly that Alabama courts have reached the merits of a claim even when the appellant failed to comply with Rule 28(a)(10), or its predecessor Rule 28(a)(5).   Doc. 49 at 6.   This fact, however, does not help Barrow.   The requirement that a procedural rule be "firmly established and *regularly* followed" does not equate to a strict application of the rule in every case without exception.   Indeed, the U.S. Supreme Court has explained that "[a] discretionary rule ought not be disregarded automatically upon a showing of seeming inconsistencies.   Discretion enables a court to home in on case-specific considerations and to avoid the harsh results that sometimes attend consistent application of an unyielding rule." *Walker v. Martin*, 562 U.S. 307, 320 (2011)

---

[1] *See, e.g., Jimmy Day Plumbing & Heating, Inc. v. Smith*, 964 So. 2d 1, 9 (Ala. 2007) (noting it is "well settled that a failure to comply with the requirements of Rule 28(a)(10) . . . provides this Court with a basis for disregarding those arguments") (quotation marks and citation omitted); *Butler v. Town of Argo*, 871 So. 2d 1, 20 (Ala. 2003); *Ex parte Showers*, 812 So. 2d 277, 281 (Ala. 2001); *L.K.J. v. State*, 942 So. 2d 854, 869 (Ala. Crim. App. 2005); *Hamm v. State*, 913 So. 2d 460, 486 (Ala. Crim. App. 2002); *see also Taylor v. Dunn*, No. CV-14-439-WS-N, 2018 WL 575670, at *15 n.19 (S.D. Ala. Jan. 25, 2018) (collecting cases).

[2] *See, e.g., Shipp v. Myers*, No. 5:15-cv-669-AKK-JHE, 2018 WL 1702410, at *9 (N.D. Ala. Feb. 26, 2018), *report and recommendation adopted*, 2018 WL 1583170 (N.D. Ala. Mar. 30, 2018); *James v. Culliver*, No. CV-10-S-2929-S, 2014 WL 4926178, at *14 (N.D. Ala. Sept. 30, 2014), *aff'd, James v. Warden*, 957 F.3d 1184 (11th Cir. 2020); *Taylor v. Dunn*, 2018 WL 575670, at *19; *Davis v. Carter*, No. 1:16-cv-774-WKW-SMD, 2019 WL 2608360, at *6 n.8 (M.D. Ala. May 30, 2019), *report and recommendation adopted*, 2019 WL 2606895, at *1 (M.D. Ala. June 25, 2019).

(footnote and citation omitted).[3]  Put simply, a state appellate court's decision not to apply a discretionary rule in certain instances does not negate a finding that the rule is firmly established and regularly followed.

## 2.

Barrow also argues that he substantially complied with Rule 28(a)(10) by offering arguments and citations in his appellate brief, even if his submission may not have been what the state court preferred.  Doc. 49 at 7.  While a federal court will "defer to the state court's findings regarding procedural default," *Ferguson v. Sec'y for Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009), there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate" to bar consideration of the federal claims, *Lee v. Kemna*, 534 U.S. 362, 376 (2002).  This is not one of those exceptional cases.

Rule 28(a)(10) provides that an appellant's brief must set forth "[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citations to the cases, statutes, other authorities, and parts of the record relied on." Ala. R. App. P. 28(a)(10).  "The

---

[3] Moreover, the six cases Barrow cites are also distinguishable.  Five are capital murder cases, and in at least two, the court expressly stated that it was addressing the merits of the claims despite non-compliance with Rule 28(a)(10) (or its predecessor) due to the capital nature of the case.  *See Burgess v. State*, 723 So. 2d 742, 761 (Ala. Crim. App. 1997) (finding Burgess violated predecessor Rule 28(a)(5) but stating that "[b]ecause this is a capital case, however, we have reviewed these claims"); *Hallford v. State*, 629 So. 2d 6, 12–13 (Ala. Crim. App. 1992) (noting that the court would be correct in refusing to address the claims based on predecessor Rule 28(a)(5) but concluding that it would address the claims "because of the nature of this case").

purpose of Rule 28, Ala. R. App. P., outlining the requirements for appellate briefs, is to conserve the time and energy of the appellate court and to advise the opposing party of the points he or she is obligated to make." *Ex parte Borden*, 60 So. 3d 940, 943 (Ala. 2007). And, "[i]t is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." *Id*. (quotation marks and citations omitted). Thus, an appellant is required to "provide citations to relevant cases or other legal authorities and an analysis of why those cases or other authorities support an argument that an error occurred and that the alleged error should result in reversal." *Alonso v. State*, 228 So. 3d 1093, 1108 (Ala. Crim. App. 2016) (citation omitted).

As several courts of appeals have discerned, the Supreme Court in *Lee* delineated three guideposts courts may employ to identify "exceptional cases" where application of a sound, state procedural rule, such as Rule 28(a)(10), would be "exorbitant," that is, cases which present the "rare circumstances" in which "unyielding application of the [state] rule would disserve any perceivable interest." 534 U.S. at 376, 378–80. As discussed by the Second Circuit:

> [T]he *Lee* Court identified three "considerations" that, "in combination," weighed in favor of finding that the otherwise adequate state ground for decision would not block adjudication of the federal claim under the circumstances. *Id*. at 381, 122 S. Ct. 877. First, it concluded that perfect compliance with the state procedural rule would not have led to a different outcome because, as noted, the trial

6

court made clear that it was unable to accommodate a continuance or delay.  *Id.*   Second, it observed that "no published [state court] decision direct[ed] flawless compliance" with the relevant state rule "in the unique circumstances this case presents."  *Id.* at 382, 122 S. Ct. 877.  Third, and "most important," the Court determined that defense counsel had "substantially complied" with the state rule "given the realities of trial."  *Id.* (internal quotation marks omitted).  On these "unique" facts and in these "extraordinary circumstances," the Court concluded that Lee's claim fell "within the small category" of "exceptional cases" in which an otherwise sound state rule was inadequate to bar federal review of a constitutional claim.  *Id.* at 376, 381–82, 122 S. Ct. 877.

*Whitley v. Ercole*, 642 F.3d 278, 287 (2d Cir. 2011).  Several other appellate courts deploy this same framework.[4]

On balance, the *Lee* guideposts establish the circumstances at bar do not constitute an "exceptional case" enveloping "rare circumstances" where application of Rule 28(a)(10) was "exorbitant."  As an initial matter, as to the first guidepost, assessing whether a litigant substantially complied with Rule 28(a)(10)'s requirement to properly brief an issue – with arguments, contentions, reasons therefor, and citations to legal principles and parts of a record – presents an issue fraught with difficulty.  Satisfying Rule 28(a)(10) may yield diverging hurdles based upon the particular jurist applying the Rule.

---

[4] *See e.g., Flint v. Carr*, 10 F.4th 786, ___, 2021 WL 3672773, *4 (7th Cir. 2021) (discussing same three "considerations"); *Shotts v. Wetzel*, 724 F.3d 364, 371-2 (3d Cir. 2013) (same); *Hedrick v. True*, 443 F.3d 342, 360 (4th Cir. 2006) ("The Supreme Court has found application of a generally sound rule "exorbitant" and inadequate to foreclose review where: the petitioner substantially complies with the rule; no published state court decision demands perfect compliance; and perfect compliance would not have changed the state court's decision.") (quoting *Lee*, 534 U.S. at 387); *Gibbs v. Huss*, No. 20-1973, 2021 WL 3855663, at *7 (6th Cir. Aug. 30, 2021) (same); *Woods v. Cockrell*, 62 F. App'x 556 (5th Cir. 2003) (same).

7

A review of Barrow's brief indicates that while he raised claims that trial counsel coerced him to plead guilty and failed to file a motion to withdraw the guilty plea, he barely presented a sufficient argument concerning why the state circuit's court's credibility determinations concerning these claims were incorrect. Doc. 7-2 at 26–33. At most, Barrow argued the circuit court incorrectly relied on matters outside of its personal knowledge. But, in addition to relying on its own knowledge to the extent it could, the court also accepted additional affidavits and evidence to make a credibility finding. Doc. 7-1 at 44–46. In short, Barrow presented a sparse argument to support his claims and demonstrate why the circuit court's findings were incorrect. Therefore, at best, whether Barrow substantially complied with Rule 28(a)(10) to satisfy this first *Lee* guidepost is a determination that does not weigh in favor of or against Barrow.[5]

The second guidepost—whether a published state court decision demands perfect compliance as to Rule 28(a)(10)—falls in Barrow's favor. As the Supreme Court of Alabama expressly declares, "dismissal is not warranted despite noncompliance with Rule 28 when 'we are able to adequately discern the issue [the appellant] presents, in spite of his failure to present authorities in support of his claim.'" *Roberts v. NASCO Equip. Co.*, 986 So. 2d 379, 383 n. 6 (Ala. 2007)

---

[5] Barrow also reasons that he substantially complied with Rule 28(a)(10) because the state appellate court was able to reach the merits of his two remaining claims. Doc. 49 at 8–11. However, the appellate court expressly stated that Barrow failed to provide the court with argument in support of his claims and made alternative rulings on the merits by comparing the circuit court's findings with the record. Doc. 7-4 at 4–6.

(citing *Kirksey v. Roberts*, 613 So.2d 352, 353 (Ala. 1993)).   Indeed, the state appellate court proceeded on this rationale as it alternatively ruled on the merits of the two issues.   In any event, *Roberts* reveals that the Alabama Supreme Court does not demand perfect compliance with Rule 28(a)(10), as it permits a court to review the merits of an issue upon discernment of its contours.

However, the third *Lee* guidepost disposes of Barrow's arguments as to Rule 28(a)(10). Even if Barrow's brief before the state appellate court perfectly complied with Rule 28(a)(10), it would not have changed the court's decision on the issues.   As provided in the record, the state court alternatively ruled on the merits on the alleged coercion to plead guilty and Barrow's alleged instruction to his counsel to withdraw his guilty plea.   Therefore, on balance, the *Lee* guideposts do not signal that the state appellate court's invocation of Rule 28(a)(10) comprised an "exorbitant" application of the rule indicating an "exceptional case" enveloping "rare circumstances."

Based on the foregoing discussion, the state court's application of Rule 28(a)(10) was not so exorbitant or unfair as to permit this court to disregard the procedural bar.   Accordingly, Barrow's objections on these grounds are **OVERRULED**.

**B.**

Alternatively, Barrow is not entitled to a *de novo* review because the state court also ruled on the merits.[6]  Indeed, Barrow has not supplied any authority for his proposition that a purported arbitrary application of Rule 28(a)(10) gives this court the liberty to ignore the state court's alternative merits rulings.[7]  Doc. 49 at 13.  As Judge Virginia Hopkins has found, even when there is a finding that it was manifestly exorbitant to apply Rule 28(a)(10) to a particular claim, the district court could not "examine the merits anew," but must apply the level of deference required by 28 U.S.C. § 2254 where the Alabama Court of Criminal Appeals "alternatively made a determination of the merits of the claim."  *Gaines v. Price*, No. 2:15-cv-1822-VEH-TMP, 2017 WL 2296962, at *20–21 n.12 (N.D. Ala. May

---

[6] While maintaining in the afore-discussed objection that he substantially complied with Rule 28(a)(10) because the state appellate court "discerned and adjudicated" his claims on the merits, doc. 49 at 8–11, Barrow now argues that Section 2254(d) deference does not apply, and he is entitled to *de novo* review because his claims "were *not* adjudicated on the merits." Doc. 49 at 12 (emphasis supplied).

[7] The Eleventh Circuit provides that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim." *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).  As stated, the *Alderman* proscription is suggestive, not obligatory, especially as the *Alderman* decision also provides that a "federal habeas court is not precluded from considering the merits of [a] claim" "should a state court reach the merits of [the] claim notwithstanding a procedural default." *Id.* at 1549 (citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 148-49 (1979); *Dobbert v. Strickland*, 718 F.2d 1518, 1524 (11th Cir.1983), *cert. denied*, 468 U.S. 1220 (1984)).  *See also Waldrip v. Humphrey*, 532 F. App'x 878, 883 (11th Cir. 2013) (The "'procedural default rule does not preclude federal habeas review of a petitioner's constitutional claim if the state court adjudicates the federal claim on the merits.'") (quoting *Remeta v. Singletary*, 85 F.3d 513, 516 (11th Cir. 1996)).

10

2, 2017), *report and recommendation adopted*, 2017 WL 2289105 (N.D. Ala. May 25, 2017) (citing *Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989)) (A state court "need not fear reaching the merits of a federal claim in an alternative holding. Through its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

The record shows that the state circuit court allowed the parties to submit evidence before finding that Barrow entered his plea knowingly and voluntarily and his counsel was not ineffective for failing to file a motion to withdraw Barrow's guilty plea.  Doc. 7-1 at 45–46.  And, on appeal, the state appellate court concluded that the circuit court's findings were supported by the record.  Doc. 7-4 at 4–6.

In his objections, Barrow contends that the circuit court addressed the separate issue of whether his plea was voluntary and knowing without deciding whether counsel was ineffective for coercing him to plead guilty.  Doc. 49 at 16. But to be knowing and voluntary, the plea must necessarily be free from coercion. *See United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991).   Based on events within its personal knowledge, along with the evidence presented by the parties, the circuit court concluded that Barrow understood his rights and voluntarily waived them to

enter into a plea agreement.  Docs. 7-1 at 45–46; 46-2 at 4–5.  The state appellate court agreed that the circuit court's findings were supported by the record and concluded Barrow's coercion claim lacked merit.  Doc. 7-4 at 6.  The appellate court's denial of Barrow's coercion claim was neither contrary to nor an unreasonable application of clearly established federal law, nor did it involve an unreasonable determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d)(1) & (2).

Barrow further objects to the circuit court's determination that trial counsel was not ineffective for failing to withdraw Barrow's guilty plea.  Doc. 49 at 16–19. He contends the circuit court "simply credited trial counsel's bald statement that Barrow never asked him to withdraw the plea."  Doc. 49 at 16.  Barrow does not dispute that the circuit court had discretion to accept evidence by affidavits "in lieu of an evidentiary hearing," Ala. R. Crim. P. 32.9(a), and that the court provided the parties ample opportunity to submit such affidavits.   Based on the evidence presented, the circuit court concluded Barrow's claim had no merit and the state appellate court found the circuit court's conclusion was supported by the record before it.  Docs. 7-1 at 46; 7-4 at 4–5.  Thus, the appellate court's denial of Barrow's claim did not involve an unreasonable determination of the facts in light of the evidence presented and was neither contrary to nor an unreasonable

application of clearly established federal law.  28 U.S.C. § 2254(d)(1) & (2).

Consequently, Barrow's objections are **OVERRULED**.

**C.**

To the extent Barrow asks the court to revisit the Magistrate Judge's order

denying Barrow's motions for discovery and to expand the record, *see* doc. 49 at

19-21, Barrow's request is **DENIED**.  Because Barrow waived his remaining

claims pursuant to Rule 28(a)(10), and the claims are procedurally barred, he is not

entitled to discovery or an expanded record.  And even if the state appellate court

applied Rule 28(a)(10) incorrectly, because the court also made alternative merits

determinations, which do not contravene Section 2254(d)(1) or (2), this court is

limited to the evidence before the state court.  *See Cullen v. Pinholster*, 563 U.S.

170, 185 (2011); *Landers v. Warden*, 776 F.3d 1288, 1295 (11th Cir. 2015).

Having carefully reviewed and considered *de novo* all the materials in the

court file, including the report and recommendation, and the objections thereto, the

court hereby **ADOPTS** the report of the Magistrate Judge and **ACCEPTS** his

recommendation.  The court finds the petition is due to be denied and dismissed

with prejudice.

This court may issue a certificate of appealability "only if the applicant has

made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  To make such a showing, a "petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The court finds Barrow's claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** the 27th day of September, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

14